United States District Court
Southern District of Texas
**ENTERED**
June 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **FERNANDO GUADALUPE MAGANA-SOSA,** § | |
| Petitioner § | |
| § | |
| v. § | **Civil Action No. 1:16-19** |
| § | **Criminal No. 1:14-534-1** |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 25, 2016, Petitioner Fernando Guadalupe Magana-Sosa ("Magana-Sosa") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be dismissed because Magana-Sosa has waived his right to file a habeas petition. Alternatively, the petition should be denied, because it is factually and legally meritless.

### I. Procedural and Factual Background

On July 15, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Magana-Sosa for illegally re-entering the United States, in violation of 8 U.S.C. § 1326. U.S. v. Magana-Sosa, Criminal No. 1:14-534-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment

On August 26, 2014, Magana-Sosa entered a guilty plea – with a written plea agreement – before the Magistrate Judge to illegally re-entering the United States. CR Dkt. No. 14.

Both Magana-Sosa's written plea agreement and plea colloquy indicate that Magana-Sosa knowingly and voluntarily waived his appellate rights. CR Dkt. No. 17, ¶ 11; CR Dkt.

1

No. 52, pp. 30-31.

As relevant here, paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. § 2255.
>
> If the defendant files a notice of appeal following imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 17, ¶ 11.

During the plea colloquy, the Magistrate Judge established that Magana-Sosa understood he was waiving his appellate rights.

> [Court]: Gentlemen, in each of your three cases I have in front of me a written Plea Agreement. Under the terms of this written Plea Agreement you agree to plead guilty to the Indictment in your case and to waive your appellate rights that we'll talk about here in just a moment. And in exchange for that, the Government says that at the time of sentencing in your three cases it will make recommendations to the District Court Judge.
>
> Now in each of your three cases in Paragraph 11 of your written Plea Agreement, you say that you are aware that Title 18 United States Code Section 3742 provides you the right to appeal the sentence that's imposed. You also say that you are aware that Title 28 United States Code Section 2255 provides you the right to contest or collaterally attack a conviction or sentence after that conviction or sentence has become final.
>
> In that same Paragraph 11 . . . you give up and waive your right to appeal your sentence including any grounds as set forth in 18 US Code 3742 and you'll also give up and waive your right to appeal your conviction and sentence after it becomes final under the provisions of Title 28 United States Code Section 2255.
>
> [...]
> Mr. Magana, do you understand those terms of your Plea Agreement?
> [Magana-Sosa]: Yes, sir.
> [Court]: And did Ms. Zayas go through and explain those terms to you and what effect they were going to have on your right to appeal?

[Magana-Sosa]: Yes, sir.

CR Dkt. No. 52, pp. 30-32.

The Court established that Magana-Sosa had never needed treatment for any kind of mental illness; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 52, p. 9. Magana-Sosa informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id., p. 11. The Court further informed Magana-Sosa that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Magana-Sosa to something more than Magana-Sosa might anticipate. Id, p. 39. Magana-Sosa stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id, pp. 23-24. The Court further explained that as a result of pleading guilty, Magana-Sosa gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id, pp. 15-17. Magana-Sosa confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id, pp. 15-17. Having stated that he understood all of his rights, Magana-Sosa entered a plea of guilty to the charge of illegally re-entering the United States. Id, pp. 50-52.

### B. Pre Sentence Report

In the final presentence report, Magana-Sosa was assessed a base offense level of eight, and was given a 16-level enhancement for a prior drug trafficking conviction. CR Dkt. No. 20, pp. 4-5.

Magana-Sosa received a three-level reduction for acceptance of responsibility. CR Dkt. No. 20, p. 5. Thus, Magana-Sosa was assessed a total offense level of 21. Id.

Regarding his criminal history, Magana-Sosa had four criminal convictions and was assessed seven criminal history points. CR Dkt. No. 20, pp. 6-8. Accordingly, he was given a criminal history category of IV. Id.

The presentence report, based upon Magana-Sosa's offense level of 21 and criminal history category IV, identified a guideline range of 57 to 71 months of imprisonment. Id., p. 12.

On December 10, 2014, the District Court adopted the Magistrate Judge's report and recommendation, accepting Magana-Sosa's guilty plea. CR Dkt. No. 27.

On January 14, 2015, the District Court held a sentencing hearing. CR Dkt. No. 48. At that hearing, Magana-Sosa asserted that his appointed counsel had "refused to defend" him because his sentencing guideline range was too harsh for his crime and his criminal history. Id, pp. 5-6. The Court appointed new counsel for Magana-Sosa and re-set the sentencing hearing. Id, p.

On February 19. 2015, the District Court held the sentencing hearing; Magana-Sosa had new counsel for this hearing. CR Dkt. No. 49. At the sentencing hearing, the Court gave Magana-Sosa a below-guidelines sentence "based on the nature and circumstances of the offense."[1] CR Dkt. No. 49, p. 5.

The District Court sentenced Magana-Sosa to 42 months of incarceration, three years of supervised release, and a $100.00 special assessment – which was remitted. CR Dkt. No. 49, p. 5. The judgment was issued on February 25, 2015. CR Dkt. No. 33.

**C. Direct Appeal**

On February 27, 2015, Magana-Sosa filed a notice of appeal. Dkt. No. 35. On September 29, 2015, the Fifth Circuit dismissed the appeal on the basis that Magana-Sosa had waived his right to appeal. CR Dkt. No. 62.

**D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On January 25, 2016, Magana-Sosa timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In that motion, Magana-Sosa asserted two bases for relief, which the Court restates as a single argument entitling him to relief. Magana-Sosa claims that his counsel was ineffective for failing to seek

---

[1] Magana-Sosa illegally entered the United States for economic reasons to support his family; during his incarceration, his stepdaughter was kidnaped and murdered in Mexico. CR Dkt. No. 48, p. 3.

4

a downward departure, based upon Magana-Sosa's status as a deportable alien. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Magana-Sosa seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Court reserves relief under section 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (quoting U.S. v. Segler, 37 F. 3d 1131, 1133 (5th Cir. 1994)).

An exception to the rule – requiring matters be raised first on direct appeal – are claims of ineffective assistance of counsel. Such claims are properly made, for the first time, pursuant to § 2255, because they are issues of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001) ("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Magana-Sosa's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Magana-Sosa's claims.

#### A. Waiver of Appellate Rights

In various allegations, Magana-Sosa has asserted that his counsel was ineffective. These allegations entitle Magana-Sosa to no relief.

As an initial matter, Magana-Sosa waived his right to appeal or collaterally attack his

6

sentence when he entered into a plea agreement with the United States.[2] This waiver bars relief under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record in this case is unequivocal and reveals that the plea agreement expressly stated that Magana-Sosa was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 17, ¶ 11. That same paragraph indicates that Magana-Sosa was giving up those rights.

Furthermore, the plea colloquy established that Magana-Sosa understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 52, pp. 30-32. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Magana-Sosa provided no evidence contradicting his in-court statements. Indeed, Magana-Sosa was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement. Accordingly, the record establishes, without doubt, that Magana-Sosa's waiver was knowingly and voluntarily made.

As noted earlier, such waivers preclude relief for ineffective assistance of counsel,

---

[2] While the Court has not required the United States to reply to Magana-Sosa's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007). The fact that the United States previously sought enforcement of the waiver on direct appeal also establishes that the government, if it was ordered to respond to the instant petition, would seek enforcement of the plea agreement.

unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002).  Magana-Sosa's claims relate solely to his sentencing, which does not affect either his waiver of his right to appeal or his guilty plea.

Furthermore, Magana-Sosa's waiver clearly applies to this case.  Magana-Sosa is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement.  Therefore, this case should be dismissed based upon that waiver.  Even if not dismissed, based upon the waiver, Magana-Sosa fares no better if his claim is considered on its merits.

### B. Deportability

Magana-Sosa asserts that his attorney was ineffective for failing to seek a downward departure based upon his status as a deportable alien. Dkt. No. 1.

Magana-Sosa states that he should have received a lesser sentence as a deportable alien for several reasons.  The first reason is that he is ineligible for certain prison rehabilitation programs that are only available to U.S. citizens.  Secondly, he claims that his ineligibility for those programs results in a harsher sentence than sentences given to U.S. citizens who commit a similarly serious crime.  Lastly, he claims that he will certainly be deported at the conclusion of his sentence and the collateral effect of that deportation will have harsh consequences for him and his family.  To whatever extent any of these claims are accurate, they are foreclosed by existing caselaw.

"A defendant's status as a deportable alien cannot serve as a ground for a downward departure if the defendant is sentenced for an immigration offense of which his alien status is an element, as is the case here." U.S. v. Jasso, 460 Fed. App'x 432, 433 (5th Cir. 2012) (unpubl.) (citing U.S. v. Garay, 235 F.3d 230, 232–34 & nn. 13, 18, & 19 (5th Cir. 2000)).

Magana-Sosa was convicted of illegally re-entering the United States. CR Dkt. No. 33.  Alienage is an element of the offense. U.S. v. Jara-Favela, 686 F.3d 289, 302 (5th Cir. 2012).  Accordingly, the Court could not give Magana-Sosa a downward departure at sentencing based upon his status as a deportable alien, no matter the reason proffered. Jasso,

Case 1:16-cv-00019   Document 8   Filed in TXSD on 06/23/16   Page 9 of 10

460 Fed. App'x at 433.

Given that the claim was foreclosed as a matter of law, counsel was not deficient for failing to seek a downward departure. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Indeed, Magana-Sosa's counsel was engaging in effective advocacy by not raising a meritless argument. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Accordingly, this claim, no matter how Magana-Sosa attempts to frame it, is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Fernando Guadalupe Magana-Sosa's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED.**

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2001). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Magana-Sosa's § 2255 motion and the applicable Fifth Circuit

precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Magana-Sosa's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 23, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge